UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MOHAMMED CHOWDHURY,

               Movant,

               -against-                                 08 Civ. 4546 (LAK)
                                                       (S1 06 Crim. 0999 (LAK))

UNITED STATES OF AMERICA,

               Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Movant was convicted on July 16, 2007 on his plea of guilty of conspiracy to, among other things, commit copyright infringement and of trafficking in counterfeit labels and sentenced principally to a term of imprisonment of 36 months. He now seeks relief pursuant to 28 U.S.C. § 2255 on two grounds: (1) he did not receive the effective assistance of counsel as evidenced by the movant's belief that his sentence was too harsh in comparison to that imposed on the alleged ringleader, and (2) he should have received a downward departure for exceptional remorse. I enter this order in consequence of my preliminary consideration of the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

*Effective Assistance of Counsel*

      In order to prevail on an ineffective assistance claim, a movant must establish both that counsel's performance fell below and objective standard of reasonableness and that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687-89, 693-94 (1984).

      Assuming for the sake of argument that there was a material sentencing disparity between movant's sentence and that of at least one other co-conspirator who was sentenced by a different judge,[1] the fact remains that the motion is completely devoid of any suggestion that counsel's performance was inadequate. The existence of any such disparity, assuming it occurred, would not *ipso facto* warrant the conclusion that movant's counsel performed in an unprofessional manner. Moreover, the sentencing

---

[1] Movant points to Mamadou T. Diallo, whom he claims was his boss and who was sentenced by Judge Swain to a term of imprisonment of 32 months (not the 30 months stated by movant). *United States v. Diallo,* No. 06 Crim. 1171 (LTS) (S.D.N.Y.) While the Court does not make light of 4 months imprisonment, the fact remains that different sentencing judges are entitled to reach different results. The Court does not regard this four month difference as being material in the present context.

minutes make clear that movant's counsel aggressively and successfully argued – on the ground that movant was less culpable than others who already had been sentenced to relatively light terms– for a sentence lower than movant's 120-month Guideline range and lower than the Probation Department's 80-month recommendation in this case. Tr., July 16, 2008, at 16-25. So counsel's conduct certainly cannot be faulted. In any case, given the facts that the Court explicitly did consider the alleged disparities at sentencing and that movant was sentenced to only 25 percent of the Guideline range, as well as the other circumstances, movant certainly cannot establish a reasonably probability that any other action by his attorney would have led to a still lighter sentence.

*Downward Departure*

Movant claims that he should have received a downward departure for exceptional remorse. While it is doubtful, to say the least, that this argument is cognizable on a Section 2255 motion, the Court will dispose of it on the merits.

The plain fact is that there has been no exceptional remorse in this case. As the Court said at sentencing:

> "I listened very carefully to what you said a few minutes ago, and I quite accept that you are now very sorry that this has turned out to be a crime with consequences for you potentially that are as serious as they are, and that you never imagined before.
>
> "I did not, however, hear you say that you understand that what you did was absolutely wrong, and something you are sorry you did, quite apart from the consequences for you. All of that tends to push me in the direction of the kind of sentence the probation department recommended [80 months], or more." *Id.* at 28.

It nevertheless imposed a non-Guidelines sentence of 36 months rather than the 80 months recommended by Probation or the 120 month Guideline range, in large measure to avoid a sentencing disparity among offenders of relatively comparable culpability.

Movant has no legitimate grievance.

*Conclusion*

The motion is denied. The Clerk shall close the case. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:   May 29, 2008

_____
Lewis A. Kaplan
United States District Judge